**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHLOMO OHANA,

        Petitioner,

v.                                    Case No. 07-12313
                                       Hon. Lawrence P. Zatkoff

THOMAS BELL,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO FILE REPLY BRIEF; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Shlomo Ohana is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for attempted murder and kidnapping. For the reasons set forth below, the Court DENIES the petition.

I.

Petitioner pleaded no contest in Oakland County Circuit Court to attempted murder and kidnapping based upon a *Cobbs* evaluation that he would receive a nine-year minimum sentence.[1] Prior to sentencing, Petitioner filed a motion to withdraw his plea. The trial court denied the motion. On December 14, 2005, he was sentenced in accordance with the *Cobbs* evaluation to two concurrent terms of 9 to 30 years imprisonment.

---

[1] *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), permits a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> The lower court committed reversible error when it denied appellant's pre-sentence motion to withdraw his plea.

The Michigan Court of Appeals denied leave to appeal. *People v. Ohana*, No. 272495 (Mich. Ct. App. Oct. 4, 2006).

Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same claim raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Ohana*, No. 132577 (Mich. Feb. 27, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, challenging his convictions on the same ground raised in state court.

II.

A.

Section 2254(d) of Title 28 U.S.C. imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

B.

As an initial matter, Petitioner has filed a Motion to File Reply Brief [dkt 14]. The Court grants the motion and the reply brief attached to the motion is accepted for filing.

Petitioner claims that he is entitled to habeas relief because his no contest plea was involuntary. Petitioner alleges that the plea was involuntary because he was not provided with an interpreter during the plea hearing, and he did not understand the terms of the *Cobbs* agreement.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering

3

into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner stated that no one coerced or pressured him into accepting the plea. *See* Sept. 9, 2005, Tr. at 7. The terms of the *Cobbs* evaluation were explained to him. Petitioner stated that he could read, write, and understand the English language. *Id.* at 4. He responded appropriately to the trial judge's questions, indicating comprehension of those questions. The trial court found that Petitioner understood the nature and consequences of his plea. In denying the motion to withdraw the plea, the trial court further found that it was apparent from Petitioner's responses during the plea colloquy that he understood the meaning of the questions. In addition, the trial court noted that Petitioner completed his competency and criminal responsibility exam in English without the aid of an interpreter and that no language barrier was ever noted. The

trial court therefore concluded that the plea was entered knowingly and voluntarily and denied the motion to withdraw the plea. *See* Dec. 14, 2005, Tr. at 7.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent. As the trial court noted, Petitioner was given ample opportunity at the plea hearing to inform the trial court judge that he did not understand the plea. The consequences of the plea were explained to him and he indicated he understood those consequences. Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that he understood the English language. *Ramos*, 170 F.3d at 564 (internal quotation omitted). Thus, the Court denies habeas corpus relief.

III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists

5

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

IV.

For the foregoing reasons, **IT IS ORDERED** that Petitioner's "Motion to File Reply Brief" is **GRANTED** and the reply brief attached thereto is accepted for filing.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
**LAWRENCE P. ZATKOFF**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 7, 2009**

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 7, 2009.

S/Marie E. Verlinde
**Case Manager**
**(810) 984-3290**